We will proceed with our next appeal, Emmanuel Priva v. U.S. Attorney General. H. Glenn Fogle Jr. is here for the petitioner Priva. Sarah Pergolesi is here for the Attorney General. Mr. Fogle, you may proceed. Thank you, Your Honor. May it please the Court. I'm Glenn Fogle and I represent the petitioner Emmanuel Priva in this case. This case is fairly basic if you look at it in the big picture. First, there's a statutory right to counsel in reasonable fear proceedings. And second, the denial of that right to counsel in and of itself is substantial prejudice to the petitioner. Only if you count privilege as synonymous with right, correct? Yes, Your Honor, but the right to counsel here is so fundamental. Why would the word privilege be used if what was intended was right and right is used throughout other immigration statutes? Well, I mean, privilege is a right, and on all the courts that have looked at it. So there's no difference between privilege and right? I would – that's our position, Your Honor. I mean, if it's a privilege… But every dictionary you look at, blacks and light dictionaries, let's call them, recognizes a distinction. The definition isn't the same. In a dictionary, it isn't the same. But in the immigration context, as in the criminal context, there's the fact that you have a privilege. If you have a privilege, you don't have to assert it, but it's still a right. If you have a privilege… That just sounds like double talk. But let me ask you a question. Like, for example, your driver's license is just a privilege, isn't it? Your right to drive. It's not a guaranteed right, is it? No, it's not a guaranteed right, no. It's a privilege if you ask for it. But in the immigration context, and the Supreme Court has said that aliens and nonimmigrants that are in the United States have a procedural – have the right to due process. And the fact that you have the constitutional right to due process, then there's a statutory right. And the Immigration and Nationality Act, 238b4b, states that the alien shall have the privilege of being represented at no expense to the government by such counsel authorized to practice in such proceedings as the alien shall choose. Therefore, if an alien invokes that privilege, that means that he has a right to counsel. And the fact that all the warnings, even in all the warnings in the notices and everything, said that you have a right to be represented by counsel of your own choosing. Let's assume counsel that he does have that right and that he would have to show prejudice as a result of a denial of that right. What can you tell us to convince us that your client has sustained substantial prejudice? Well, so our argument, Your Honor, and I believe it's an argument that five other circuits have agreed with, that the right to counsel is so fundamental that you do not need to show prejudice when that right is denied. Why don't we answer Judge Wilson's question, which is, let's assume that there is a right to counsel, okay? I think under our circuit case law, you still have to make a showing of substantial prejudice. So why don't you tell us how your client has shown substantial prejudice not related to counsel? Well, okay, not related to counsel. The fact is that he, that the immigration judge, because he didn't have that counsel, he couldn't properly argue his case. He doesn't understand. He didn't understand anything about anything. If there was a counsel, if there was counsel there, or he had counsel there, he would have been able to bring, the counsel would have been able to- Is it your position that there isn't anything to show substantial prejudice about what would happen to him if he was returned to Haiti? Do you have nothing? I mean, I- Well, yeah, I mean, of course it's substantial prejudice because he wasn't able to present, he wasn't able to present his case. But that's just a conclusory statement, counsel. Your counsel makes the argument. He doesn't have any culpable argument as to a protected ground, correct? I mean, your counsel, time machine, you're back in the hearing with him. Yeah, so I would, right, well, okay, so the point is- Is there or is there not a culpable argument of a protected ground? Not of a protected ground, but- Okay, then he has to show under Kat that the local officials would have condoned or participated in the torture. Now, there's no evidence of that. And in fact, he admitted that they just wanted their money back. Yes, but the fact that these people were, in fact, public officials, so- So if there's a public official who has a private motive, that is a ground that you would say is sufficient to establish a reason for him to have withholding, right? That's your argument? Well, it's, you know, with the torture, because whenever a- I understand that, but if the motivation, and that's what we're focusing on, that's what the immigration officials focused on. If the motivation is not to participate as a member of the government, to bring the government's force down, but the motivation is, I want my money back that I gave you so that I personally could get a visa and overstay it. That doesn't state a valid ground for withholding, does it? Well, under CAD, I think, in this case, you can show it, because when the public officials can use their power as a public official to do something private, I don't think any government's going to say, oh, we're officially torturing people. I mean, nobody's going to admit that. But when they do it, and they use and corrupt governments, and that's the whole point, most of these governments are corrupt, and people are- So your argument is that argument could have been made. You don't have any evidence of that. Well, evidence wasn't presented. He didn't have a chance to do that. But, I mean, the evidence of the country conditions, that's a whole other thing. But an element of your case is substantial prejudice, and you can't point to any evidence that these officials- I can't imagine where you could get the evidence- these officials would use their official position to carry out torture for private motivations. Can you? We've referenced a number of background conditions in our brief that I believe supports that. But that's the whole point. He wasn't even able to present this in court because he was denied counsel. And, again, I'm going to still point out to the court that it's our position that just the mere denial of counsel in this particular situation is, in fact, substantial prejudice. And I don't think that this court has specifically held in this context that the denial of right in an immigration hearing, the denial of counsel in immigration proceedings is not substantial prejudice. I think where this court has looked at and where it's been substantial prejudice, where you've had to show substantial prejudice is in an ineffective assistance of counsel situation, but not in a complete denial of- So your position is that your substantial prejudice is the denial of counsel, period, end stop? Yes, and I think five other circuits have agreed on this, and there's one case that I didn't- I wanted to point out to the court that I did not- we did not put in the brief from the Second Circuit. And that case is Raja versus Mukasey, and it's 544F3-427, and it's a Second Circuit 2008 case. And that explained the petitioner's eligible for relief as a result of regulatory violations occurring during the deportation proceeding that affect the fundamental rights derived from the Constitution or federal statutes, even without a showing of prejudice. And there's the Third Circuit, the Seventh Circuit, the Ninth Circuit, and the D.C. Circuit that we've also mentioned in our brief, and I'll respond to the government's arguments in my time for rebuttal. All right, thank you, Mr. Fogle. Ms. Pernelisi, you may proceed. Good morning, Your Honors. May it please the court. I'd like to start by discussing the Catt claim. The petitioner, Judge Karn, you asked about motivation of the police officers. And you're correct that motivation in the context of Catt matters, and where it matters is where it can be used to ascertain the extent to which a public official will use their official authority to inflict torture. And as you pointed out, that motivation is certainly relevant, but it also shows that the petitioner here has failed to present any claim that the public officials he fears would use or misuse their authority to harm him. And critically, he has failed both to satisfy the merits... Ms. Pernelisi, didn't he indicate at the hearing that he received threats from several people, including people who work for the government and police officers? That's correct, Your Honor, but that in and of itself is not sufficient. And he also said that those officers contacted him through private means and not through their public channels or through their authority. He also provided evidence that one of the men he feared, who is a former police officer, was fired for misuse of his authority in another, in a murder. Oh, he said the police can't even protect themselves. They're probably going to protect him, given the instability in Haiti right now, which is, you know, it's obvious. That is... He's received threats from members of the government. That's in the red. That's true, but not under color of law, which is required. And general evidence of corruption or general violence in a country is insufficient to meet an applicant's burden for CAT, ultimately, and to even meet the screening process, because it's not a particularized risk of torture, which is what is required. What you're telling us is the police, if they act to harm him as private citizens, that's different than the police acting to harm him as members of the government. That's exactly right. And that's this court's case law for government participation in torture. It has to be under the color of law, which means a use or misuse of official authority. And Priva here has not provided any claim that the government, that these public officials will still act. Well, maybe he would have been able to do that if he had counsel. I think critically, Your Honor, he had counsel during his asylum interview, multiple asylum interviews with the asylum officer and his reasonable fear interviews, excuse me. And he did not provide that information even with counsel and his counsel when given an opportunity to ask him further questions did not elicit that further information that would have helped him meet this threshold screening procedure. And therefore, that's the critical reason why the petitioner has failed to provide any evidence that he was prejudiced in these proceedings, because even with counsel, he failed to meet the requirements of this screening procedure. I'd like to also... I'd like to point this court to a decision that it recently made in June of this year in an unpublished decision and I apologize for not alerting the court earlier, I can file a 28J if you'd prefer, but the citation, the case is Carrick v. Attorney General, that's K-A-H-R-I-C. And it is 861 Federal Appendix 784. In that case, it's an immigration case and the court required prejudice in a case where the applicant did not have counsel during one of his hearings, when he gave pleadings to his notice to appear. Again, the court required prejudice, and I'm not sure if the court addressed this exact argument, but the court has consistently required prejudice in the immigration context and that panel cited LePay, one of the decisions that, one of the published decisions requiring prejudice that we cited in our response brief. Now, the court recently has held... Also, I can file a 28J about this if the court requires... The court recently held in the criminal context in U.S. v. Leonard in July of this year, that's 4F4, 1134, that if the defendant, and I quote, is completely deprived of counsel, then the entire process is infected and a court cannot measure actual prejudice. But we would argue that that case is distinguishable from this case, one, because the immigration context has consistently been treated differently by this court. And two, because Prevahir was not completely deprived of counsel, he had counsel during his credible fear interviews, four of them, and that counsel did not help him meet this threshold screening process. And so, again, it's not a complete deprivation, it's in the immigration proceedings where prejudice is required. And for those reasons, the court should deny this petition for review. What would be the remedy if we accepted Mr. Prevah's argument? Would the case go back to the IJ for a new hearing with an opportunity for him to retain counsel? Yes, if the court agrees. Again, it's tricky because in these expedited proceedings and in this review process, the immigration court is also mandated to do these reviews quickly. And so, a NYSERCA case recently has held that an applicant actually wasn't deprived of counsel when he wasn't able to acquire counsel within the 10 days required. So, Prevah may still not be able to bring counsel to his hearing if he can't get that counsel there quickly enough. But yes, presumably if he does that, he would have another hearing. But that hearing, again, would only be a review. It's not required to be de novo under the regulations. I wanted to ask you about that. So, my understanding is, since it's expedited, he has these interviews first where he can have counsel, which he did in this case. It was four, I guess, interviews. And then once the AO determines whether or not the alien has a reasonable fear of persecution or torture, I guess then you can request, if you disagree with the determination, then you can request almost like, I guess, an appeal in front of an IJ. That's right. Yes. And the regulations just call it a review. And that's where we would be at this point, which is, would he be entitled to a review with IJ with counsel present? If the court disagrees about the right to counsel and finds that it substantially prejudiced him, yes. But again, the IJ, the path is fairly discernibly clear here, even if there were counsel, because the immigration judge agreed in its entirety with the asylum officer's assessment of this case. Well, I was going to say, and then it appears to me that the IJ then is given the record, right, of determination and the AO's notes and the summary of the material facts. That's exactly right. Is it a de novo review or is it, what kind of review is it? It's not required to be de novo. It's technically, again, the regulations only say review. Some immigration judge do some, excuse me, as a matter of discretion, some immigration judges do do fuller inquiries. And I will again note that the petitioner was represented during these multiple asylum interviews. And while he now says that there's information about country conditions that he could have submitted, he did not submit them to the asylum officer who has the discretion to review any materials that he submits. So while he could submit those documents before the immigration judge, it's not guaranteed that the immigration judge would receive them. Really, the main person that's making the determination is the asylum officer. Yeah, in this context, the asylum officer is essentially the fact finder. Yes. Again, I think Mr. Fogle is correct that this is a simple case in the context that these findings that the applicant failed to meet the threshold screening for proving that he could make a color will claim to cap protection is supported by substantial evidence and the court can deny the petition on that ground alone, especially because it also informs his burden to show that he was prejudiced, and he was not. And if the court has no further questions, I'll go ahead and rest on the brief. All right, thank you. Mr. Fogle reserve some time for rebuttal. Yes. Thank you. A couple of points I do do want to make it. In terms of the merits of the case, the fact that the individuals that these government individuals use private means to contact him does not mean that they would not use their public power to torture him. In fact, that's the whole, that's the whole point here. If a, if a government official is a minister, a police officer, they're going to use their, their power for their, and it's an abuse of course but they're going to abuse their power to arrest somebody, put him in jail, make him disappear. There's a lot of different things that can be done again that's, that's not really, we don't have to go through all of that but that wasn't even that wasn't even considered by the immigration judge this was this was a four. It was a four page five page transcript of every hearing. I mean, was it was it considered by the. No, I don't think I don't think it was i mean i don't i think well he had he had counsel, your client had counsel there did he not silent actually the asylum officers said that he did have have a did he did have a credible fear of being tortured. Right, but he didn't say that he didn't, he didn't make. He didn't enter a finding in your favor, regarding the only issue that we're talking about, which is whether any torture or harm would be inflicted or by the government. And that, and that, that was where that was where he was wrong and that's what was where he could have, it could have been argued in with by counsel in front of the immigration judge. So what what the government's argument is saying here well he had counsel. He had counsel at the interview. But because of that he doesn't need counsel in the review that's like saying you have a right to counsel in district court but you don't have a right to counsel in the Court of Appeals. I mean, it logically does not make sense. And the fact is, and even and I point out that the government actually admits when when when they're talking about the jurisdiction. This court has actually has jurisdiction over, over the internet in order to review this, because the, the, the final order of the administrative removal proceedings, it's not final until the immigration judge actually reviews it. So, that actually means that that the these reasonable fear proceedings are part are actually part of the, you know, actually part of the expedited removal proceedings which are immigration proceedings, which means that he has a right to, you know, which mandates that he basically has a right to counsel under under INA 13. Mr focal I have a question. And, and I'm not sure what the answer is but when I'm in a typical situation, after the, the asylum officer has the hearing and makes a determination. If the individual then chooses to appeal to the immigration judge. Are you allowed at that moment to present additional information to the immigration judge or the immigration judge is just reviewing the materials that were brought to the asylum officer. Well, the statute, the statute, I think the regular. It's the regulation the regulation says the judge may may receive new evidence. So, there's no exact, you know, there's. It's not you know the people that wrote these regulations didn't didn't put a lot of detail in but but but the, it's up to the immigration judge. He can do a full de novo hearing, but the, you know, the, the, the, the alien has has a right to actually present evidence to present new evidence in front of the judge and and the right to counsel, who could argue his case and actually properly articulated to it to the judge so the judge can actually review it. There isn't any particular every IJ can do something different. There's no particular set. There's, yeah, there's there's no particular rule but but you do have the right. Again, I think that there's a right to counsel you would have a right to present actually present evidence, and I'd also point out the asylum officers have access to vast materials on country conditions they, you know, these are these are matters of record that the people can look at it's not in this guy was, you know, was in jail. At the time, and he just didn't have access we didn't have access to be able to provide all this information in an interview, and then. And then again he was denied the right to counsel at the court hearing which was four days later. Let me ask you something, Mr. petitioner before the asylum officer didn't not did that. Did she know actually yeah yes it was yes. All right, and you're representing now. Obviously, why didn't y'all make an appearance and representing during the review proceed, we were notified your honor. It was just that we weren't notified of the hearing. When did you hearing it already happened and we didn't even know we found out about it later. Did you move to reopen and you can do that I mean there's there's not, there's not a, there's not a mechanism to do that the only the only mechanism we have for reviewer is an appeal to, to the circuit court, which is, you know, I don't know if that's the best. So, you know, all right. All right. Thank you, Mr. Thank you. Thank you.